IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02356-BNB

SHAWN P. WILLIAMS,

    Petitioner,

v.

BLAKE R. DAVIS,
T. R. KRIST,
K. DULING,
J. CASTILLO,
J. KASPRZYCKI,
L. RAMIREZ,
J. MENDEZ,
RONALD P. MADISON,
ANDREW J. FENLON,
P. RANGEL,
G. ZOHN,
S. SZEMBORSKI,
G. BREAM,
TODD MANSPEAKER,
"SIS" DEPT., and
"RELIGIOUS SERVICES" DEPT., et al.,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV -4 2010

GREGORY C. LANGHAM
                  CLERK

## ORDER OF DISMISSAL

    Petitioner, Shawn P. Williams, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. He submitted to the Court *pro se* a letter to the Court and a document titled "Cause-of-Action" indicating his intent to file a habeas corpus application pursuant to 28 U.S.C. § 2241.

In an order filed on September 27, 2010, Magistrate Judge Boyd N. Boland ordered Mr. Williams to cure certain enumerated deficiencies in this case within thirty days. Specifically, Mr. Williams was directed to submit an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 on the Court-approved form and listing all parties in the caption instead of using "et al." In addition, he was directed to submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action on the Court-approved form and a certificate of the warden or other appropriate prison officer as to the amount of money on deposit in his inmate trust fund account. He was informed that the § 1915 motion and affidavit only was necessary if the $5.00 filing fee was not paid in advance. Rule 3 of the Rules Governing Section 2254 Cases in the United States District Courts requires a "certificate of the warden or other appropriate officer of the institution in which the petitioner is confined as to the amount of money or securities on deposit to the petitioner's credit in any account in the institution." The Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action also notes this requirement. Pursuant to Rule 1(b) of the Rules Governing Section 2254 Cases, the Court may apply the Section 2254 rules to habeas corpus actions pursuant to § 2241.

The September 27 order warned Mr. Williams that if he failed to cure the designated deficiencies within the time allowed, the action would be dismissed without further notice. Mr. Williams has failed within the time allowed to cure the designated deficiencies or otherwise to communicate with the Court in any way. Accordingly, it is

ORDERED that the action dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b) of the Federal Rules of Civil Procedure for the failure of Petitioner, Shawn P. Williams, within the time allowed, to cure the deficiencies designated in the September 27, 2010, order, and for his failure to prosecute.

DATED at Denver, Colorado, this <u>3rd</u> day of <u>November</u>, 2010.

BY THE COURT:

_____
ZITA LEESON WEINSHIENK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  10-cv-02356-BNB

Shawn P. Williams
Reg. No. 09915-036
ADX - Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 11/4/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk